IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| JAMIE GITTEMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. |
| | ) | |
| v. | ) | Division No. |
| | ) | |
| LIBERTY MUTUAL | ) | |
| PERSONAL INSURANCE COMPANY, | ) | |
| **Serve:** CSC-Lawyers Incorporating | ) | **JURY TRIAL DEMANDED** |
| Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Jamie Gittemeier, by and through undersigned counsel, and for her causes of action against Defendant, Liberty Mutual Personal Insurance Company, states and avers as follows:

### GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff was a resident of Missouri.

2. At all times herein mentioned, Liberty Mutual Personal Insurance Company (hereinafter "Liberty Mutual") was and is a foreign corporation, doing insurance business in the State of Missouri. Defendant Liberty Mutual conducts systematic and routine business in the State of Missouri, including Saint Charles County, and is subject to the long arm statutes of Missouri.

3. Venue is proper in this Court because Plaintiff was first injured in St. Charles County, as the subject crash giving rise to this cause of action occurred in St. Charles County.

4. On or about December 2, 2021, Plaintiff was stopped in traffic on southbound Wentzville Parkway at or near its intersection with I-70, located in St. Charles County, Missouri, when Antuanae

Garrett (hereinafter "the underinsured driver"), also traveling southbound on Wentzville Parkway behind Plaintiff, was distracted, failed to brake and struck the rear of Plaintiff's vehicle thereby causing a violent collision and causing serious injuries to Plaintiff, as set out in more detail herein below.

5. Plaintiff was stopped in traffic when the collision occurred.

6. The underinsured driver was distracted, failed to brake in a timely manner and was otherwise negligent, solely causing the crash. The collision was sudden and violent, causing serious injuries to Plaintiff.

7. Defendant Liberty Mutual sold a policy (the "Policy") of insurance to Plaintiff, policy number ▮▮▮▮▮▮▮▮, with effective dates of coverage of September 25, 2021 through September 25, 2022, which included underinsured motorist coverage ("UIM") that provided coverage to Plaintiff, with UIM limits of Two Hundred and Fifty Thousand Dollars ($250,000.00) per person and Five Hundred Thousand Dollars ($500,000.00) per accident. *See Exhibit 1 – Liberty Mutual Policy.*

8. The aforesaid negligence of the underinsured driver directly caused or contributed to cause Plaintiff to sustain serious bodily injury to her neck, left shoulder, and back.  Due to her injuries, Plaintiff required care and treatment from hospitals, physicians, and other health care professionals, all at substantial expense and will in the future require additional care and treatment and will incur further expenses associated with same. Plaintiff was caused and continues to suffer non-economic damages, including pain, loss of quality of life, and distress associated with her injuries, inconvenience, and permanency of injury.

**COUNT I**
**BREACH OF CONTRACT**

9. Plaintiff realleges and incorporates by reference paragraphs 1-8 as if fully set forth herein.

10. Defendant agreed to provide insurance that included underinsured coverage that covered Plaintiff in exchange for the payment of money. Defendant, however, has refused to provide underinsured coverage benefits to Plaintiff.

11. Plaintiff fulfilled all of her obligations under the Policy, including the payment of certain premiums to secure said policy of insurance, and has otherwise tendered performance pursuant to the contract.

12. Said policy was purchased by Plaintiff and was in full force and effect on the date of the subject crash and the Policy provided UIM coverage in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) per person.

13. As a result of this occurrence, Plaintiff's damages far exceeded the available auto insurance limits received from non-party tortfeasor, the underinsured driver.

14. Therefore, Plaintiff is entitled to benefit from the insurance contract's protections.

15. All conditions precedent to the liability of Defendant Liberty Mutual under Plaintiff's own underinsured motorist policy have been met.

16. On or about December 27, 2023, Plaintiff sent Defendant Liberty Mutual a demand for settlement of her claim under the underinsured motorist provision of the insurance policy.

17. Defendant Liberty Mutual failed to fully and fairly compensate Plaintiff for her injuries and damages resulting from the crash as required by their contract.

18. That as a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has been damaged.

19. Defendant's refusal to pay claimed benefits in accordance with the Policy constitutes a breach of contract.

Electronically Filed - ST CHARLES CIRCUIT DIV - August 06, 2024 - 08:54 PM

20. Plaintiff suffered damages caused by Defendant's breach of contract, as outlined above and herein.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant Liberty Mutual for damages that are fair and reasonable, in excess of Twenty-Five Thousand Dollars ($25,000.00), with her costs incurred herein, and for all other such damages that the Court deems just and proper under the circumstances

## COUNT II
## VEXATIOUS REFUSAL

21. Plaintiff adopts, realleges and incorporates by reference paragraphs 1-20, of this Petition, as if fully set forth herein.

22. The underinsured driver negligently caused and allowed the vehicle she was operating to collide with Plaintiff's vehicle.

23. The underinsured driver had a duty to use the highest degree of care in the operation of the motor vehicle she was driving, to follow the rules of the road, and to operate the vehicle she was driving in a good and safe manner.

24. The collision aforesaid and the injuries and damages of Plaintiff, as described above, are the direct and proximate result of the negligence, carelessness, faults, and omissions of the underinsured driver in one, more or all of the following particulars, to wit:

   a. The underinsured driver failed to be attentive to the roadway;
   b. The underinsured driver failed to keep a careful lookout;
   c. The underinsured driver drove her vehicle in a manner that was too fast for the conditions existing at the time;
   d. The underinsured driver negligently permitted the vehicle she was driving to come into contact with Plaintiff's vehicle;
   e. The underinsured driver failed to keep the motor vehicle she was operating under proper control;
   f. The underinsured driver knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter

Electronically Filed - ST CHARLES CIRCUIT DIV - August 06, 2024 - 08:54 PM

          to have stopped, swerved, slackened speed, and/or sounded a warning, but the underinsured driver failed to do so;
- g. The underinsured driver was distracted, inattentive and/or otherwise failed to pay attention to the roadway, traffic signals and other motorists;
- i. The underinsured driver failed to yield the right-of-way to Plaintiff, and;
- j. The underinsured driver was otherwise negligent, thereby causing the subject crash.

25. The aforesaid negligence of the underinsured driver directly caused or contributed to cause Plaintiff to sustain serious bodily injuries and damages as set forth herein.

26. At all pertinent times, Liberty Mutual was the auto insurer that had underinsured motorist obligations to Plaintiff under insurance policy number ■■■■■■■■■.

27. The motor vehicle being driven by the underinsured driver at the time of aforesaid collision was an "underinsured motor vehicle" within the terms of the aforesaid Policy of insurance. The underinsured driver's liability coverage has been exhausted by settlement, without fully compensating Plaintiff for her injuries and damages as a result of the crash, and as such, Defendant Liberty Mutual is required to pay Plaintiff's claim under the underinsured motorist coverage of the Liberty Policy.

28. At the time of the subject collision, Plaintiff was the named insured and/or otherwise an "insured" within the terms of the aforesaid Policy of insurance and was driving a vehicle specifically identified on the Policy.

29. As an insurer in the State of Missouri, Defendant Liberty Mutual is obliged to follow and conform to the provisions of Mo. Rev. Stat. § 375.1007, which states:

> Any of the following acts by an insurer, if committed in violation of section 375.1005, constitutes an improper claims practice:
>
> (1) Misrepresenting to claimants and insureds relevant facts or policy provisions relating to coverages at issue;
>
> (2) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies;

(3) Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies;

(4) Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear;

(5) Compelling insureds or beneficiaries to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them;

(6) Refusing to pay claims without conducting a reasonable investigation;

(7) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed and communicated to the insurer;

(8) Attempting to settle a claim for less than the amount to which a reasonable person would believe the insured or beneficiary was entitled by reference to written or printed advertising material accompanying or made part of an application;

(9) Attempting to settle claims on the basis of an application which was materially altered without notice to, or knowledge or consent of, the insured;

(10) Making a claims payment to an insured or beneficiary without indicating the coverage under which each payment is being made;

(11) Unreasonably delaying the investigation or payment of claims by requiring both a formal proof of loss form and subsequent verification that would result in duplication of information and verification appearing in the formal proof of loss form;

(12) Failing in the case of claims denial or offers of a compromise settlement to promptly provide a reasonable and accurate explanation of the basis for such actions;

(13) Failing to provide forms necessary to present claims within fifteen calendar days of a request with reasonable explanations regarding their use;

(14) Failing to adopt and implement reasonable standards to assure that the repairs of a repairer owned by or required to be used by the insurer are performed in a workmanlike manner; and

(15) Failing to promptly settle claims where liability has become reasonably

clear under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

30. Defendant Liberty Mutual, in the handling of Plaintiff's claim, committed acts 1-15 as outlined above, and in violation of Mo. Rev. Stat. §375.1007.

31. Defendant Liberty Mutual's failure to follow and conform with Rules of Department of Commerce and Insurance Division 100 – Insurer Conduct – Chapter 1, Improper or Unfair Claims Settlement Practices and Rules of Department of Commerce and Insurance Division 500 – Property and Casualty, Chapter 2 – Automobile Insurance, and Defendant's violations of and committing of acts 1-15 as outlined above and in Mo. Rev. Stat. § 375.1007 is without reasonable cause or excuse.

32. Defendant Liberty Mutual has been notified of this underinsured motorist claim and has failed and refused and continues to fail and refuse to honor its contract with Plaintiff as to the underinsured motorist coverage.

33. Defendant Liberty Mutual is liable for the value of any injuries and damages to Plaintiff caused by the underinsured motorist up to the amount of the underinsured motorist policy limits.

34. Defendant Liberty Mutual's insurance contract with Plaintiff required Liberty Mutual to provide underinsured motorist coverage up to Plaintiff, up to and including the underinsured motorist coverage policy limits set forth in the Policy.

35. Plaintiff has demanded payment under Liberty Mutual's underinsured motorist coverage, but Liberty Mutual has refused and continues to refuse to honor Plaintiff's claims, despite having a reasonable time to do so.  Such refusal is in conflict with the underinsured motor vehicle provision of the Policy and is without reasonable cause or excuse, and is therefore vexatious.

36. Defendant Liberty Mutual has wrongfully refused to make payment, in violation of its contract of insurance.

37. Defendant Liberty Mutual has breached its contract of insurance in that it has not paid the full value of Plaintiff damages up to its underinsured motorist limits.

38. Plaintiff has satisfied all conditions required under the Policy, but Defendant has nonetheless vexatiously and unreasonably refused to honor its respective obligations under the contract, instead choosing to breach it in order to avoid having to make payments of underinsured motorist coverages to Plaintiff.

39. Liberty Mutual failed to adopt and implement reasonable standards for a prompt and adequate investigation of claims arising under its policies.

40. Liberty Mutual failed to provide promptly a reasonable or just explanation, in relation to the facts or applicable law, for the denial or underpayment or undervaluation of Plaintiff's claims.

41. Liberty Mutual refused to pay the full value of the underinsured claim without conducting a reasonable and adequate investigation with respect to the claim.

42. Liberty Mutual committed the forgoing acts with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices.

43. Liberty Mutual delayed payment of Plaintiff's claims after due demand without substantial justification or a legitimate reason.

44. Liberty Mutual has refused to pay for a period of far in excess of thirty days after due demand prior to the institution of this action to make payment under the terms and provisions of the contract of insurance.

45. Liberty Mutual failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim without a reasonable cause or excuse and Liberty Mutual's refusal to pay the claimed loss is without a reasonable cause or excuse.  Defendant Liberty Mutual's failure and refusal are vexatious within the meaning of RSMo. §375.296.

46. That pursuant to RSMo §375.420, Plaintiff is entitled to, in addition to all damages associated with Count I, twenty percent (20%) of the first $1,500.00 of loss and ten percent (10%) for all losses greater than $1,500.00, as well as Plaintiff's attorney fees and statutory interest on amounts owed.

47. The underinsured driver caused or contributed to cause the wreck with Plaintiff, through no fault of Plaintiff.

48. Liberty refused to arbitration of Plaintiff's underinsured claim, and/or failed to respond to Plaintiff's request for arbitration, further evidencing Liberty's vexatious behavior, motives and failure to pay her claim.

WHEREFORE, Plaintiff prays for judgment against Liberty Mutual, for damages that are fair and reasonable in an amount in excess of $25,000.00, with costs incurred herein, for statutory penalties under RSMo. §§375.296 and 375.420, for prejudgment interest as allowed by law, for reasonable attorneys' fees, and for other such relief as the Court deems just and proper.

Respectfully submitted,

**GOLDBLATT + SINGER**

*/s/ Jason D. Guerra*
Jason D. Guerra #54567
jguerra@stlinjurylaw.com
8182 Maryland Avenue, Suite 801
St. Louis, MO 63105
(314) 231-4100—Office
(314) 241-5078—Facsimile
*ATTORNEY FOR PLAINTIFF*