UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMIE GITTEMEIER** ) | |
|     **Plaintiff,** ) | |
| v. ) | Case No.: 4:24-cv-01236-JAR |
| ) | |
| ) | Removed from Circuit Court of Saint |
| **LIBERTY MUTUAL PERSONAL** ) | Charles County, Mo |
| **INSURANCE COMPANY,** ) | Cause No: 2411-CC00984 |
| ) | |
| **Defendant.** ) | |

### DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 and respectfully moves this Court for an order granting summary judgment in its favor and dismissing Plaintiff's claims with prejudice. In support thereof, Liberty Mutual states as follows:

1. Plaintiff Jamie Gittemeier seeks underinsured motorist benefits under an insurance policy issued by Liberty Mutual.

2. Plaintiff's claims are barred as a matter of law because she materially breached the cooperation clause of her policy by:

    a. Failing to attend multiple scheduled Examinations Under Oath (EUOs), despite Liberty Mutual's due diligence in scheduling them (SOF ¶¶2-9);

    b. Failing to produce any of the documents requested by Liberty Mutual that were necessary for the claim investigation (SOF ¶¶10-11);

    c. Filing suit while in breach of the policy, knowing Liberty Mutual was actively attempting to investigate her claim (SOF ¶¶12-13).

3. Under Missouri law, an insured's failure to comply with a policy's cooperation provisions constitutes a material breach and precludes recovery (SOF ¶14-15).

4. Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

5. Missouri courts enforce cooperation clauses in insurance policies and hold that an insured's failure to comply with an EUO or provide requested documents is a material breach barring recovery (SOF ¶¶14-15) (*Goodman v. Allstate*, 293 S.W.3d 743, 751-52 (Mo. Ct. App. 2009); *State Farm v. Rogers*, 2020 WL 877815, at *4 (W.D. Mo. 2020)).

6. When an insured materially breaches a cooperation clause, prejudice to the insurer is presumed as a matter of law (SOF ¶15) (*Goodman*, 293 S.W.3d at 751-52; *State Farm v. Rogers*, 2020 WL 877815, at *4).

7. Plaintiff was required to submit to an EUO upon request (SOF ¶1).

8. Liberty Mutual scheduled four separate EUOs, and Plaintiff failed to appear for any of them (SOF ¶¶2-9).

9. Under Missouri law, failure to attend an EUO constitutes an automatic policy breach, making further proof of prejudice unnecessary (SOF ¶14) (*Goodman*, 293 S.W.3d at 751-52; *State Farm v. Rogers*, 2020 WL 877815, at *4).

10. Plaintiff was required to provide medical records, injury photos, and social media posts related to her claim (SOF ¶10).

11. Plaintiff failed to provide any requested documents, despite multiple requests from Liberty Mutual (SOF ¶11).

12. Failure to provide requested documents is a separate material breach of the policy and further bars Plaintiff's claim (SOF ¶14) (*McClune v. Farmers Ins. Co.*, 12 F.4th 845, 849 (8th Cir. 2021)).

13. Liberty Mutual diligently attempted to obtain Plaintiff's cooperation by sending four separate EUO notices and multiple document requests (SOF ¶¶2-11).

14. Plaintiff's complete failure to respond obstructed Liberty Mutual's ability to evaluate her claim (SOF ¶15).

15. Missouri law requires insurers to establish they acted with reasonable diligence before denying a claim, a burden which Liberty Mutual has clearly met (SOF ¶15) (*Medical Protective Co. v. Bubenik*, 594 F.3d 1047, 1051 (8th Cir. 2010)).

16. Plaintiff filed suit on August 6, 2024, while still in breach of the policy (SOF ¶¶12-13).

17. Missouri courts do not permit an insured to recover under a policy when they have failed to cooperate (SOF ¶14) (*Younker v. Farmers Ins. Co.*, 707 S.W.2d 465, 466 (Mo. Ct. App. 1986)).

18. Furthermore, Plaintiff's vexatious refusal claim must also fail because Missouri law holds that an insurer cannot be liable for vexatious refusal where the denial was based on a legitimate coverage defense (SOF ¶15) (*Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 458 (Mo. 2006)).

19. Plaintiff materially breached the cooperation clause by failing to appear for scheduled EUOs and failing to provide requested documents (SOF ¶¶2-11).

20. Missouri law presumes prejudice under these circumstances (SOF ¶15).

21. Liberty Mutual exercised due diligence before denying the claim (SOF ¶15).

22. Plaintiff's lawsuit is barred as a matter of law, and her vexatious refusal claim must also fail (SOF ¶¶12-15).

**WHEREFORE**, Defendant Liberty Mutual Personal Insurance Company respectfully requests that this Court grant its Motion for Summary Judgment in its entirety, dismiss Plaintiff's claims with prejudice, and grant any further relief the Court deems just and proper.

Respectfully submitted,

**RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION L.L.C.**

_____
Ellen Jean Brooke                             #58901
Katherine M. Smith                          #57881
500 N. Broadway, Suite 1550
St. Louis, Missouri 63102
(314) 421-4430
(314) 421-4431 (FAX)
E-Mail: ebrooke@rssclaw.com
            ksmith@rssclaw.com
*Attorneys for Defendant Liberty Mutual*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2025, the foregoing document was filed electronically by operation of the Court's electronic filing system.

/s/ Ellen J. Brooke

**MSJ Exhibits**
1. **Exhibit A – Policy**
2. **Exhibit B – April 4, 2024, EUO Request Letter** *(First Attempt)*
    - Letter requesting Plaintiff's Examination Under Oath (EUO) for **April 25, 2024** and listing **document requests**.
3. **Exhibit C – April 29, 2024, EUO Rescheduling Letter** *(Second Attempt)*
    - Letter confirming the **rescheduled EUO for May 20, 2024**.
4. **Exhibit D – June 17, 2024, EUO Rescheduling Letter** *(Third Attempt)*
    - Letter confirming the **EUO rescheduled for June 25, 2024** and reiterating **document requests**.
5. **Exhibit E – July 18, 2024, Final EUO Notice** *(Final Attempt Before Suit)*
    - Letter confirming the **final EUO attempt for August 7, 2024**.
6. **Exhibit F – May 20, 2024, Record of Non-Appearance** *(First Missed EUO)*
    - Official record confirming **Plaintiff did not attend**.
7. **Exhibit G – August 7, 2024, Record of Non-Appearance** *(Final Missed EUO)*
    - Court reporter's official record confirming **Plaintiff failed to appear**.

**Exhibits Related to Litigation and Prejudice**

8. **Exhibit H – Correspondence Showing Liberty Mutual's Diligence in Obtaining Cooperation**
    - A summary of Liberty Mutual's **multiple attempts** to obtain cooperation before Plaintiff filed suit.
9. **Exhibit I – Plaintiff's Complaint**
    - Filing confirming that Plaintiff **initiated the lawsuit while in breach of her cooperation obligations**.
10. **Exhibit J – Adjuster Affidavit**
11. **Exhibit K – Supporting Case Law**