UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE GITTEMEIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24CV1236 JAR |
| ) | |
| LIBERTY MUTUAL ) | |
| PERSONAL INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Liberty Mutual Personal Insurance Company's Motion for Summary Judgment [ECF No. 17] and on Plaintiff Jamie Gittemeier's Cross-Motion for Partial Summary Judgment [ECF No. 22]. These Motions are fully briefed and ready for disposition.

**I.      Background and Facts**

Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") issued a policy (the "Policy") of insurance to Plaintiff Jamie Gittemeier which included underinsured motorist coverage ("UIM") limits of $250,000.00 per person. [ECF No. 5 at 2].

The Policy includes a so-called cooperation clause, which provides in part:

> B. A person seeking any coverage must:
> 1. Cooperate with us in the investigation, settlement or defense of any claim or suit. This includes, but is not limited to, allowing us to inspect damage to a vehicle covered by this policy.
> 2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.
> 3. Submit, as often as we reasonably require within 30 days of our request:
>> a. To physical and mental exams by physicians we select. We will pay for these exams.
>> b. To interviews and recorded statements without the need for us to conduct an examination under oath.

                c. To examination under oath and subscribe the same.
           4. Authorize us to obtain, within 30 days of our request:
                a. Medical reports; and
                b. Other pertinent records, including but not limited to, information contained in or transmitted by any device located in or on the motor vehicle.

[ECF No. 17-1 at 35].

Following a traffic accident, Gittemeier issued a demand letter to Liberty Mutual which included medical records and bills, requesting payment of the $250,000.00 policy limit of her UIM coverage policy. [ECF No. 20 at 8]. On January 9, 2024, Liberty Mutual sent an email to Gittemeier's counsel, stating that it was willing to offer $8,500.00 to resolve the claim. [ECF No. 20-5 at 1]. After Gittemeier rejected that offer, Liberty Mutual's counsel sent an email to Gittemeier's counsel on February 28, 2024, requesting Gittemeier's examination under oath ("EUO"). [ECF No. 26-1 at 1].

On April 4, 2024, Liberty Mutual's counsel sent a letter to Gittemeier's counsel scheduling the EUO for April 25, 2024 in St. Charles, Missouri. This letter also requested production of certain documents related to the accident and Ms. Gittemeier's medical treatment. On April 19, 2024, Liberty Mutual's counsel sent an email to Gittemeier's counsel, expressing a desire to reschedule the EUO because it had "yet to receive any of the requested documents" or confirmation of availability on that date. [ECF No. 20-1 at 1]. Gittemeier's counsel responded with several dates that Gittemeier would be available for the EUO and requested that it be conducted via Zoom. Liberty Mutual then sent a notice rescheduling the EUO for May 20, 2024 in St. Charles, Missouri.

On May 20, 2024, Gittemeier's counsel, but not Gittemeier herself, appeared for the EUO and noted that the location of the EUO was burdensome for Gittemeier and that he had suggested alternatives such as a recorded statement or an EUO via Zoom.

On June 17, 2024, Liberty Mutual's counsel sent another rescheduling letter for the EUO,

setting it for June 25, 2024 in St. Charles, Missouri, and requesting production of the same previously-requested documents. In this letter, Liberty Mutual's counsel indicated openness to conducting the EUO "downtown" if Gittemeier so wished and that she was "open to suggestions regarding location." [ECF No. 17-4 at 1]. On June 21, 2024, Gittemeier's counsel asked to reschedule the EUO planned for June 25, 2024 due to his own surgery; Liberty Mutual's counsel agreed to rescheduling the EUO for a future date.

On July 8, 2024, Liberty Mutual's counsel emailed Gittemeier's counsel, asking about Gittemeier's availability for the EUO and suggesting conducting it at Gittemeier's counsel's office or close to Gittemeier's home. Gittemeier's counsel responded with openness to scheduling the EUO and stated that the original St. Charles location was "fine." [ECF No. 20-2 at 1]. Liberty Mutual's counsel then asked Gittemeier's counsel via email to confirm that August 7, 2024 worked for him and Gittemeier. On July 18, 2024, Liberty Mutual's counsel sent a notice scheduling the EUO for August 7, 2024 in St. Charles, Missouri.

On August 6, 2024, Gittemeier filed the present suit in the Circuit Court of St. Charles County, Missouri. On August 7, 2024, Gittemeier's counsel, but not Gittemeier herself, appeared for the EUO and stated that he had informed Liberty Mutual's counsel that suit had been filed the previous day and that he had advised Gittemeier that the EUO would not proceed.

Liberty Mutual subsequently removed this action to this Court. On March 24, 2025, Liberty Mutual filed a Motion for Summary Judgment [ECF No. 17]. On April 14, 2025, Gittemeier filed an Amended Memorandum in Opposition to Liberty Mutual's Motion and a Cross-Motion for Partial Summary Judgment [ECF No. 22]. The parties exchanged responses and replies, and the Motions are fully briefed.

## II. Summary Judgment Standard

"Summary judgment is proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Spears v. Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850, 853 (8th Cir. 2000); Fed. R. Civ. P. 56(a). If there are factual disputes that may affect the outcome of the case under the applicable substantive law, summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it relates to the legal elements of the claim. *Id.* A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.* "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id.* at 252.

The nonmoving party may not rely on allegations or denials but must substantiate its allegations with sufficient probative evidence that would permit a finding in its favor on more than mere speculation or conjecture. *Ball v. City of Lincoln, Nebraska*, 870 F.3d 722, 727 (8th Cir. 2017). Even if some factual dispute exists, if the evidence, taken as a whole, is so one-sided that a fair-minded trier of fact could not find for the nonmoving party, then there is no genuine issue for trial, and the movant is entitled to summary judgment. *Id.*

## III. Discussion

### 1. Breach of Contract (Count I)

Under Missouri law, a "breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4)

damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010).

Cooperation clauses in insurance contracts are "valid and enforceable under Missouri law." *Med. Protective Co. v. Bubenik*, 594 F.3d 1047, 1051 (8th Cir. 2010). "To deny liability coverage under such a provision, an insurer must prove: (1) a material breach of the cooperation clause; (2) the existence of substantial prejudice as a result of the breach; and (3) the exercise of reasonable diligence to secure the insured's cooperation." *Id*. (citing *Wiles v. Capitol Indem. Corp.*, 215 F.Supp.2d 1029, 1031 (E.D. Mo. 2001)). "Missouri courts are clear that where reasonable persons could disagree whether the insured materially breached its insurance policy and the insurer suffered substantial prejudice as a result, the issues are questions of fact for the fact-finder to resolve." *Northrop Grumman Guidance & Elecs. Co. v. Emp'rs Ins. Co. of Wausau*, 612 S.W.3d 1, 27 (Mo. App. W.D. 2020).

In her complaint, Gittemeier alleges that Liberty Mutual's refusal to pay claimed benefits in accordance with the Policy constitutes a breach of contract. In turn, Liberty Mutual argues that Gittemeier materially breached the Policy by failing to comply with the Policy's cooperation clause, precluding recovery. Specifically, Liberty Mutual alleges that Gittemeier failed to comply because she (1) failed to appear for multiple scheduled EUOs despite Liberty Mutual's due diligence in scheduling them, (2) failed to produce any of the documents requested by Liberty Mutual that were necessary for the claim investigation, and (3) filed suit while in breach of the Policy, knowing Liberty Mutual was actively attempting to investigate her claim.

Gittemeier responds that Liberty Mutual has failed to establish non-cooperation or that its request for an EUO was reasonable or that it suffered any prejudice from the lack of an EUO

when it had already rejected Gittemeier's previous demand for UIM coverage.[1] Moreover, Gittemeier contends there is a genuine question whether Liberty Mutual's conduct in proceeding with the EUO despite knowing that suit had been filed served to waive its affirmative defense of non-cooperation.

The Court will deny Liberty Mutual's Motion for Summary Judgment on Count I. It is unclear whether Gittemeier's failure to appear for the EUOs and produce documents was due to her own decisions or her prior counsel's apparent strategy. The parties were engaged in ongoing discussions to arrange for the EUO. The Court will not dismiss Gittemeier's claim because of a supposed material breach absent any indication that Gittemeier intended to evade cooperation with Liberty Mutual.

Furthermore, it is debatable whether Liberty Mutual exercised reasonable diligence to secure Gittemeier's cooperation. The Court recognizes that Liberty Mutual diligently attempted to schedule the EUO on multiple occasions. However, Gittemeier's request for an alternative format, specifically a recorded statement or an EUO via Zoom, appears to have gone unheeded. Notably, the cooperation clause sets out multiple potential formats (EUO, interview, and recorded statement). Yet Liberty Mutual has provided no rationale for its decision to ignore the request for an alternative format. Accordingly, Liberty Mutual has failed to establish a material

---

[1] Gittemeier also points out that two supposed cases cited by Liberty Mutual – *Younker v. Farmers Ins. Co.*, 707 S.W.2d 465, 466 (Mo. Ct. App. 1986) and *Goodman v. Allstate*, 293 S.W.3d 743, 751-52 (Mo. Ct. App. 2009) – do not exist. Liberty Mutual attached a similarly-named case, *Goodman v. Allstate Fire & Casualty Ins. Co.*, Case No. 22-00383-CV-W-GAF, 2023 WL 5667909 (W.D. Mo. July 26, 2023), as an exhibit to its Motion. ECF No. 17-11. At this time, the Court will not speculate as to how two nonexistent cases appeared in Liberty Mutual's brief but will urge Liberty Mutual to verify its sources before submitting future filings with the Court. The Court will provide this warning only once, for " [a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F.Supp.3d 443, 461 (S.D.N.Y. 2023).

breach of the cooperation clause by Gittemeier or that it exercised reasonable diligence to secure Gittemeier's cooperation.

The Court finds that reasonable persons could disagree whether Gittemeier materially breached the Policy. Without breach being established, the Court cannot reach the issue of the existence of substantial prejudice. Denying the insurer the opportunity to complete its investigation is "prejudicial as a matter of law" if it has been shown that the insured failed to comply with the reasonable provisions of the contract. *Montgomery v. Allstate Prop. & Cas. Ins. Co.*, No. 17-00952-CV-W-GAF, 2019 WL 718823, at *4 (W.D. Mo. Feb. 15, 2019) (citing *Wiles v. Capitol Indem. Corp.*, 215 F. Supp. 2d 1029, 1032 (E.D. Mo. 2001). Such a failure to comply has not been established. As there remain questions of fact for the fact-finder to resolve, the Court will deny Liberty Mutual's Motion for Summary Judgment on Count I.

**2. Vexatious Refusal (Count II)**

The elements of a vexatious refusal claim under Missouri law are "(1) plaintiff having an insurance policy with defendant, (2) the defendant insurer's refusal to pay, and (3) that the refusal to pay was 'without reasonable cause or excuse.'" *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F.Supp.2d 862, 869 (W.D. Mo. 2012) (quoting *Dhyne v. State Farm Fire and Cas. Co.*, 188 S.W.3d 454, 457 (Mo. banc 2006); R.S.Mo. § 375.420). "Such a claim is derivative to a claim for breach of contract." *Hartwell v. American Fidelity Assurance Co.*, 607 S.W.3d 807, 815 (Mo. App. S.D. 2020) (citing *Alessi v. Mid-Century Ins. Co., Inc.*, 464 S.W.3d 529, 533 (Mo. App. E.D. 2015)).

It is questionable whether Gittemeier's Cross-Motion and related filings were properly raised in accordance with this Court's Local Rules. Gittemeier filed her Cross-Motion within her Memorandum in Opposition to Liberty Mutual's Motion, and she filed her Statement of

Additional Material Facts in Support of Cross-Motion within her Response to Liberty Mutual's Statement of Material Facts. Not only did these filings create unnecessary confusion, but the latter document also appears to violate the specific titling requirement of Local Rule 4.01(E). In any event, in accordance with Missouri law, the Court finds that Gittemeier's vexatious refusal claim is derivative to her breach of contract claim. Just as summary judgment is inappropriate on the breach of contract claim due to unresolved questions of fact, the Court will also deny summary judgment on the derivative vexatious refusal claim as it relates to both Liberty Mutual's Motion and Gittemeier's Cross-Motion because of disputed questions of fact. *See Alessi*, 464 S.W.3d at 533 ("[h]aving held that summary judgment was inappropriate on the breach-of-contract claim, we likewise reverse the trial court's grant of summary judgment on the derivative vexatious-refusal-to-pay claim.").

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Liberty Mutual's Motion for Summary Judgment [ECF No. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Gittemeier's Cross-Motion for Partial Summary Judgment on Count II [ECF No. 22] is **DENIED**.

Dated this 20th day of June, 2025.

*[signature]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE