UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JAMIE GITTEMEIER** )<br>   Plaintiff, )<br>v. )<br> )<br> )<br>**LIBERTY MUTUAL PERSONAL** )<br>**INSURANCE COMPANY,** )<br> )<br>**Defendant.** ) | Case No.: 4:24-cv-01236-JAR |

### NOTICE OF ERRATA AND CLARIFICATION REGARDING DEFENDANT'S SUMMARY JUDGMENT FILINGS

**COMES NOW** Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual"), by and through undersigned counsel, Ellen Jean Brooke, and respectfully submits the following Notice of Errata and Clarification regarding certain citations in its summary judgment filings:

1. **Clarification Regarding "Goodman v. Allstate" Citation**:

   In its Reply Suggestions in Support of Summary Judgment [ECF No. 21], Liberty Mutual cited "Goodman v. Allstate, 293 S.W.3d 743, 751-52 (Mo. Ct. App. 2009)". This was an inadvertent error. The intended citation was to **Goodman v. Allstate Fire & Casualty Insurance Co., 2023 WL 5667909 (W.D. Mo. July 26, 2023)**, which was correctly attached as **Exhibit K** to Liberty Mutual's Motion for Summary Judgment [ECF No. 17-11].

2. **Erroneous Citation to "Younker v. Farmers Ins. Co."**:

   Liberty Mutual also cited "*Younker v. Farmers Ins. Co.*, 707 S.W.2d 465, 466 (Mo. Ct. App. 1986)," which appears to reference a case that does not exist.

   Counsel is licensed and practices in both Missouri and Iowa and believes this citation may have originated from an unrelated briefing on an Iowa case, *Whitesides v. Younkers*, 2009 WL 8580375, involving a separate insurer on a separate insurance matter. Unfortunately, due to previously disclosed vision-related medical issues—relapsing polychondritis and acute uveitis—affecting the undersigned during the period of time to include the drafting of the relevant MSJ, the erroneous reference was not caught during final review. This is the undersigned's fault and her fault alone.  There was no intention to deceive or manufacture legal precedent.

3. **Substitute Supporting Authorities**:

The undersigned respectfully submits the Missouri authorities, in addition to **Goodman v. Allstate Fire & Casualty Insurance**, 2023 WL 5667909 (W.D. Mo. July 26, 2023),<u>on which she regularly relies, supporting the same legal proposition originally intended to be supported by the above citations</u>—namely, that an insured's refusal to appear for an examination under oath and to provide requested medical records <u>not only constitutes a breach of the policy's cooperation clause</u>, but <u>also prejudices the insurer as a matter of law</u> by depriving it of the opportunity to obtain information necessary to evaluate the claim fully, guard against fraud, and make a fair and informed claim determination:

    A. **Dutton v. American Family Mut. Ins. Co**. 454 S.W.3d 319 (affirming summary judgment where insureds refused to provide tax records; court held refusal deprived insurer of opportunity to investigate the claim and constituted a breach of contract).

    B. **Roller v. Am. Modern Home Ins. Co.,** 484 S.W.3d 110 (granting summary judgment where insureds failed to appear for EUOs or provide requested documents; held that failure to comply with post-loss obligations constituted material breach and prejudiced the insurer).

    C. **Montgomery v. Allstate Prop. & Cas. Ins. Co.,** 2019 WL 718823 (granting summary judgment based on insured's failure to provide documents and submit to an EUO; court held insurer was prejudiced as a matter of law and need not show additional prejudice beyond the breach).

4. **Counsel's Apology and Request for Consideration**:

Counsel deeply regrets the oversight and respectfully assures the Court that these citation errors were not intentional. Again, during the time the briefing was ongoing, counsel was under the care of Retina Specialists and Arthritis Consultants for a serious autoimmune and retinal condition, which has since required ongoing treatment. That personal circumstance, combined with an otherwise diligent effort to meet the briefing deadline, contributed to the inadvertent inclusion of the incorrect citations.

Liberty Mutual remains committed to litigating this matter in good faith and in full respect of this Court and the adversarial process.

**WHEREFORE**, Liberty Mutual respectfully submits this Notice to correct the record and apologizes to the Court this oversight.

Respectfully submitted,

**RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION L.L.C.**

_____
Ellen Jean Brooke                                       #58901MO
Katherine M. Smith                                    #57881MO
500 N. Broadway, Suite 1550
St. Louis, Missouri 63102
(314) 421-4430
(314) 421-4431 (FAX)
E-Mail: ebrooke@rssclaw.com
              ksmith@rssclaw.com
*Attorneys for Defendant Liberty Mutual*

### CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2025, the foregoing document was filed electronically by operation of the Court's electronic filing system.

                                                            /s/ Ellen J. Brooke

3