UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE GITTEMEIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24CV1236 JAR |
| ) | |
| LIBERTY MUTUAL PERSONAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on Plaintiff Jamie Gittemeier's motion to remand [ECF No. 66]. Plaintiff filed the motion to remand on November 18, 2025, well over one year after Defendant Liberty Mutual Personal Insurance Company filed its notice of removal. In the motion, Plaintiff argues for the first time since removal that this Court lacks jurisdiction because the action has a value of less than $75,000. Attached to the motion is an affidavit of Plaintiff's attorney Thomas Gatheman, stating that Plaintiff never alleged an amount in controversy in excess of $75,000 and that Plaintiff will not seek more than $75,000 in damages in this matter. On November 24, 2025, Defendant filed its opposition to Plaintiff's motion to remand [ECF No. 80].

"It is the situation at the time of removal which is determinative. A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (citations omitted). "When the state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount-in-controversy issue." *Jackson v. Fitness Res. Grp., Inc.*, No. 4:12-CV-986-DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citations omitted). In this inquiry, "the court can

consider the plaintiff's pre- and post-removal settlement offers, refusals to settle, allegations of serious injuries in the pleadings, and post-removal stipulations, as long as the stipulation can be considered as clarifying rather than amending an original pleading." *Id.* (citations and quotation marks omitted). While "the mere existence of a settlement demand is not dispositive of the issue of the jurisdictional amount, a settlement demand may be relevant in determining the amount in controversy." *Gramc v. Millar Elevator Co./Schindler Enters.*, 3 F.Supp.2d 1082, 1084 (E.D. Mo. 1998) (citations and quotation marks omitted). "The extent of the injuries pled in plaintiff's petition is a relevant consideration in deciding whether a claim is made in excess of the jurisdictional limit." *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10-CV-746-MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010).

In full consideration of the facts at issue, the Court finds that a factfinder could legally conclude that Plaintiff's damages will exceed $75,000. In a letter to Defendant dated December 27, 2023, Plaintiff demanded payment of $250,000, the full policy limits. Plaintiff's petition alleges that she sustained serious bodily injury to her neck, left shoulder, and back, which required care and treatment from hospitals, physicians, and other health care professionals, and will in the future require additional care and treatment and associated expenses. Plaintiff's demand letter outlined over $355,000 in medical bills and a lost wage claim of over $17,000. If a jury were to find in Plaintiff's favor on her claims as pled, the damages could reasonably exceed $75,000. *See, e.g., Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724, at *3 (E.D. Mo. Apr. 1, 2009).

Most critically, Plaintiff's post-removal decisions indicate that her new aim to cap damages is an attempt to amend rather than clarify her original pleading. Plaintiff has prosecuted her case in this Court for several months and has submitted many filings. Before this motion to

remand, Plaintiff never gave any indication that she will not seek more than $75,000 in damages. Rather, Plaintiff's motion has all the traits of a last-minute effort to circumvent the upcoming trial. The Court finds that Plaintiff's effort here is untimely and disingenuous. The affidavit's stipulation capping damages does not defeat federal jurisdiction acquired through removal. Therefore, the Court will deny Plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jamie Gittemeier's motion to remand [ECF No. 66] is **DENIED**.

Dated this 2nd day of December, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE